UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PAUL H. MEEKS & MELONIE O. MEEKS | * | DOCKET NO. 06-0307 |
| VERSUS | * | JUDGE JAMES |
| UNITED STATES OF AMERICA | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction filed by defendant, the United States of America. [doc. # 9]. For reasons stated below, it is recommended that the motion be **GRANTED.** Fed.R.Civ.P. 12(b)(1).

### BACKGROUND

The facts in this case are essentially undisputed. At all relevant times, Paul H. Meeks was the sole shareholder of an S corporation, New Day Enterprises, Inc. ("New Day"). Sub-chapter S corporations generally pay no tax; rather, their income and losses are passed through to the individual shareholders. One exception to this rule is the "built-in gains" tax, which the S corporation is required to pay itself. 26 U.S.C. § 1374. In turn, the corporation's shareholders are permitted to treat the tax paid by the S corporation as a loss on their individual tax return(s).

On April 15, 2000, Paul H. Meeks and Melonie O. Meeks timely filed their joint 1999 federal income tax return. (IRS Transcript; Def. Exh. 2). On their return, the Meeks included income from the sale of New Day assets. (1999 Federal Income Tax Return; Def. Exh. 3). In conjunction with the Meeks' return, a corporate information return was filed on behalf of New Day.

A subsequent audit of New Day's return by the Internal Revenue Service culminated with a July 12, 2002, Notice of Deficiency for failure to pay a built-in gains tax. New Day challenged the deficiency in Tax Court, and the parties were able to resolve the issue by stipulating that New Day owed $ 713,780.00 on built-in gains tax for the 1999 taxable year. (*See*, December 29, 2003, Decision; Compl., Exh. A).

Less than one month after the stipulated decision, the Meeks filed an amended 1999 federal income tax return. (*See*, Compl., Exh. B). The amended return reflected a $735,194.00 reduction in their personal taxable income due to the built-in gain tax paid by New Day pursuant to the stipulated Tax Court decision. (Amend. 1999 Tax Return; Def. Exh. 4). The amended return sought a refund of $151,236. *Id*. However, on March 3, 2004, the IRS denied the refund claim as untimely (more than three years had elapsed since the original return was filed). (*See*, March 3, 2004, Letter; Compl., Exh. B). The Meeks unsuccessfully appealed the adverse decision through the IRS Office of Appeals. (September 3, 2004, Letter, Pl. Exh. D; August 10, 2005, Letter, Pl. Exh. E).

Accordingly, on February 27, 2006, the Meeks initiated the instant complaint against the United States to recover their claimed $151,236.00 refund for the 1999 tax year. On December 11, 2006, the United States filed a motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Following delays for briefing, the matter is now before the court.

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers local 6*

*Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)(citation omitted).

An action may be dismissed for lack of subject matter jurisdiction on any one of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The instant motion falls within the second category.

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *U.S. v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See, Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).

The government has waived its sovereign immunity from taxpayer refund suits under the following limited circumstances:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
> > (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C. § 1346(a).

However,

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, *according to the provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422 (emphasis added).

The Internal Revenue Code further provides that if a taxpayer is required to file a tax return, any claim for a refund of any tax paid must be filed within three years from when the return was filed or two years from when the tax was paid, whichever is later. 26 U.S.C. § 6511(a).[1] Together, the above-cited provisions establish that unless a claim for a tax refund is filed within the time limits imposed by § 6511(a), a suit for a refund "may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602, 110 S.Ct. 1361, 1365 (1990).

The Meeks filed their 1999 federal income tax return on April 15, 2000. (Cert. of Official Record, Def. Exh. 2). They paid all taxes due for 1999 by April 19, 2000. *Id*. Thus, their refund claim had to have been filed by April 15, 2003. 26 U.S.C. § 6511(a). It is undisputed that the Meeks did not file their amended return seeking a refund until January 12, 2004. (October 25, 2004, Letter to IRS; Def. Exh. 1). Accordingly, the refund claim was not timely filed, and this court lacks subject matter jurisdiction. 26 U.S.C. §§ 6511 & 7422; *Dalm, supra*.

Plaintiffs advance at least two arguments why this admittedly harsh result should not obtain here. Citing *Bull v. United States* and *Stone v. White*, plaintiffs invoke the doctrine of

---

[1] If the claim for refund is not filed within the period set forth in § 6511(a), then no credit or refund will be allowed. 26 U.S.C. § 6511(b).

equitable recoupment. *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695 (1935); *Stone v. White*, 301 U.S. 532, 57 S.Ct. 851 (1937). In *Dalm*, however, the Supreme Court considered the foregoing decisions and concluded that they "stand only for the proposition that a party litigating a tax claim in a timely proceeding may, *in that proceeding*, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." *Dalm*, 494 U.S. at 608, 110 S.Ct. at 1368 (emphasis added). Equitable recoupment in and of itself cannot provide a basis for subject matter jurisdiction. *Dalm*, 494 U.S. at 608, 110 S.Ct. at 1368. Rather, equitable recoupment is in the nature of a defense to be raised in a suit with an independent jurisdictional foundation. *See, Dalm, supra*.[2]

Plaintiffs attempt to distinguish *Dalm* on the basis that unlike here, the taxpayers in *Dalm* were not required to file an amended return. 26 U.S.C. § 6037. However, the Meeks have not established how filing an amended return renders their refund claim timely and thus cognizable in federal court. *See*, 26 U.S.C. §§ 6511 & 7422 and 28 U.S.C. § 1346(a); *Dalm, supra*.

In their complaint, plaintiffs further argued that §6503 suspended the running of the three year period to submit a refund claim. (Complaint, ¶ 16; 28 U.S.C. § 6503). However, by its own terms, §6503 operates to suspend limitations periods applicable to the *Government*. 28 U.S.C. § 6503. There is no indication that it extends the period for a taxpayer to claim a refund.[3]

---

[2] Plaintiffs also rely on *Estate of Buder v. United States*, 372 F. Supp. 2d. 1145 (E.D. Mo. 2005). In that case, equitable recoupment was raised as a defense by the government. *Id*. To the extent that any district court or court of appeals decisions imply that equitable recoupment may provide an independent jurisdictional basis for a refund claim, they, as we, must defer to *Dalm, supra*.

[3] Plaintiffs appear to have abandoned this argument, as it was not addressed in their memorandum.

The court is not unsympathetic to the arguably inequitable and harsh result in this case. However, in the field of taxation, statutes of limitation sometimes enure to the benefit of the Government, and at other times they work to the taxpayer's advantage. *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 302, 67 S.Ct. 271, 273 (1946). The instant plaintiffs are also not entirely free from fault. The Internal Revenue Code contains provisions for extending the limitations period upon mutual agreement of the parties. *See*, 26 U.S.C. §§ 6501(c)(4) & 6511(c), yet there is no indication that the taxpayers here availed themselves of that opportunity during the pendency of the proceedings against New Day.

For the foregoing reasons, the undersigned finds that plaintiffs have not satisfied their burden of establishing federal subject matter jurisdiction. *Howery, supra*. Accordingly,

**IT IS RECOMMENDED** that defendant's motion to dismiss for lack of subject matter jurisdiction [doc. # 9], be **GRANTED**, and that plaintiffs' claims be **DISMISSED**. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE